**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AUNER GONZALEZ GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-673 <br><br> Agency No. A201-170-394 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023[**]
San Francisco, California

Before: SILER, WARDLAW, and M. SMITH, Circuit Judges.[***]

Gonzalez Garcia petitions for review of the Board of Immigration Appeals'

(BIA) dismissal of his challenge to an immigration judge's (IJ) order denying

withholding of removal under the Immigration and Nationality Act (INA) and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

relief under the Convention Against Torture (CAT). Petitioner challenges the BIA's dismissal on four grounds: (1) the IJ had no jurisdiction to commence removal proceedings because Petitioner received deficient notice; (2) the IJ failed to advise Petitioner about voluntary departure; (3) the BIA failed to analyze all the CAT factors; and (4) the agency failed to apply the proper nexus standard in its withholding of removal analysis. As the parties are familiar with the briefing and record, we do not recount them here. For the reasons set forth below, we deny in part and dismiss in part the petition.

Petitioner did not raise the first three issues—the notice, voluntary departure, and CAT claims—to the BIA. Because Gonzalez Garcia did not first exhaust his administrative remedies, we do not have jurisdiction to consider these arguments. 8 U.S.C. § 1252(d)(1); *see Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Thus, the only issue properly before us is whether the BIA applied the correct nexus standard in its withholding of removal analysis, which we review de novo. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

Under the INA, withholding of removal is available if an "alien's life or freedom would be threatened . . . because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017). To meet the statutory requirements, Petitioner must prove the likelihood of persecution "because of" an enumerated ground. *Id.* at 357. In doing so, he

must show a nexus between a protected ground and the complained-of harm, i.e., that a protected ground is "a reason" for the harm. 8 U.S.C. § 1231(b)(3)(C); *Barajas-Romero*, 846 F.3d at 358. This is a lesser nexus standard than the "one central reason" standard employed in asylum cases. *Id.* at 358–59.

Here, Petitioner suggests that the agency failed to apply the lesser "a reason" standard when reviewing his withholding petition because it did not consider whether the harm he feared was, at least in part, based on being a male member of his family. Even assuming arguendo that the IJ erred by applying the "one central reason" nexus standard, "we need not remand the case" because doing so would be futile *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (citation omitted). Here, the IJ found, and the BIA affirmed, that the petitioner feared only "generalized crime." Indeed, when asked whether he was afraid to return "because there's a lot of crime in Guatemala," Gonzalez Garcia responded, "Yes." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Because the agency found that the petitioner "has not proven a nexus," remand is unnecessary. *Singh*, 935 F.3d at 827 (remand not needed where BIA adopted IJ' "no nexus" finding).

**PETITION DISMISSED IN PART AND DENIED IN PART.** The stay of removal remains in place until the mandate issues.